UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 15-152 |
| JOHN TEAL<br>BEVERLEY STUBBLEFIELD | SECTION: "J"(1) |

### ORDER AND REASONS

Before the Court is the *Government's Appeal of the Magistrate's Order Relating to Defendants' Motion for a Bill of Particulars* **(Rec. Doc. 81)** filed by the United States of America and an opposition thereto **(Rec. Doc. 89)** filed by Defendants John Teal and Beverly Stubblefield. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the Government's appeal should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

On June 11, 2015, the Government filed a sealed indictment charging Rodney Hesson, Psy.D., and Gertrude Parker with conspiracy to commit health care fraud and conspiracy to make false statements related to health care matters. On October 22, the Government filed a superseding indictment charging John Teal and Beverley Stubblefield with the same offenses. (Rec. Doc. 36.) Teal and Stubblefield filed a Motion for a Bill of Particulars seeking, *inter alia*, the identities of other known co-conspirators

1

mentioned in the superseding indictment. (Rec. Doc. 76.) Magistrate Judge Shushan ordered the Government to disclose the identities of the co-conspirators. (Rec. Doc. 80.) The Government appealed this order on December 4, 2015. (Rec. Doc. 81.)

## LEGAL STANDARD AND DISCUSSION

A district court reviewing a magistrate judge's discovery order may modify or set aside the order if it finds the order to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "Under this highly deferential standard, the court will reverse only when 'on the entire evidence [it] is left with a definite and firm conviction that a mistake has been committed.'" *Lazard v. Gusman*, No. 14-2860, 2015 WL 5882984, at *1 (E.D. La. Oct. 8, 2015) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). With this in mind, the Court turns to the substantive law underlying the Government's appeal.

Rule 7(f) of the Federal Rules of Criminal Procedure provides, "The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within [fourteen] days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires." The purpose of a bill of particulars is to "inform[] a defendant of the nature of the charges against him so that he will have sufficient detail to prepare for this defense, to avoid or minimize the danger of

surprise at trial, and to enable him to plead double jeopardy in the event of a subsequent prosecution for the same offense." *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976).

Courts of this district have generally found that the Government should disclose the identities of all unindicted co-conspirators. *See United States v. Nides*, No. 14-40, 2014 WL 2894281, at *4 (E.D. La. June 26, 2014); *United States v. Scheur*, No. 07-169, 2008 WL 490339, at *2 (E.D La. Feb. 20, 2008); *United States v. Epsy*, No. 96-198, 1996 WL 637759, at *1 (E.D. La. Nov. 4, 1996). Thus, the Magistrate Judge's order was not clearly erroneous or contrary to law.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Government's appeal is **DENIED**.

New Orleans, Louisiana this 21st day of December, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE